JOSEFA QUIÑONES MEDINA, ETC., Plaintiff and Appellee, *v.* FRANCISCO GALENO CABÁN, Defendant and Appellant.

No. 7267. Argued December 2, 1937.—Decided June 24, 1938.

*E. Pérez Casalduc* for appellant.   *L. Mercader* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

In the District Court of Arecibo, Josefa Quiñones Medina alleged that she was the mother with *patria potestas* over the minors José Antonio Quiñones and Gladys Quiñones, and brought suit in their name against Francisco Galeno Cabán to obtain from him the acknowledgment of said minors as his natural children.

At the trial, the evidence tended to prove, in substance, that the defendant carried on a love affair with the mother of the plaintiffs for various years, more or less from 1928 until the middle of 1933; that he set up house for her, visited her continuously and lived with her as his mistress; that the minors were born during this period; that the defendant was solicitous of them from the moment of their birth, caressing them and paying for their food and up-bringing.

■ The district court rendered judgment in favor of the minor José Antonio Quiñones and dismissed the petition with respect to Gladys Quiñones. The dismissal was based on the fact that Josefa Quiñones Medina had been married to one Gregorio Mont. She was divorced from him on July 26, 1930, and according to the certificate of birth and the evidence given at the trial, the minor Gladys Quiñones was born on the first of August 1931. As according to section 70 of the Civil Code, paragraph 6 (edition of 1930), a woman whose marriage has been dissolved is incapacitated to contract marriage during a period of 301 days after the date of such dissolution, and as article 125 of the Civil Code states that natural children are those born out of wedlock from parents who at the moment when such children were conceived could have intermarried with or without dispensation, therefore Gladys Quiñones was not a natural child as she was conceived when the mother was prevented by law from marrying the defendant or any one else.

From this the defendant appealed and alleges four errors.

■ As his first error appellant alleges that the district court erred in handing down judgment in favor of the minor José Antonio Quiñones, as he was not duly represented according to law.

In the complaint Josefa Quiñones Medina set up that she was the mother with *patria potestas* over the minor José Antonio Quiñones, in whose favor judgment was · given. Appellant maintains that the mere manifestation of Josefa Quiñones Medina that said minor is her child is not sufficient proof of the fact. Appellant further maintains that the only way in which the paternity of an illegitimate child can, according to section 125 of the Civil Code (1930 ed.), be proved is by a copy of the certificate of birth wherein the father or mother or both have jointly appeared and signed the declaration acknowledging said child or by a copy of any other *public document* where he, she, or both, acknowledged said child.

The declaration of birth of the minor José Antonio Quiñones, a certified copy of which was submitted in evidence, does not show that Josefa Quiñones herself acknowledged said child as hers, but that said declaration was made by another person, to wit, José Quiñones, uncle of the child, who signed the said declaration. Hence, the appellant alleges that there has never been an acknowledgment of the child by Josefa Quiñones Medina, as required by section 125 of the Civil Code (1930 ed.)

In the case of *Pabón* v. *Alvarado et al.*, 28 P.R.R. 538, 542, this court held as follows.

"The Civil Code speaks in several places of acknowledgment by either parent, but we may question whether a natural mother who has the custody of the child may not be considered to have acknowledged it if she maintains and supports the child. We are inclined to think that the mother under these circumstances has *patria potestas* over the child to such a degree as would enable her to file a suit, but we do not care to stress this point.

"The mother *prima facie* acknowledged the child at the time of its birth, as shown by the birth certificate presented by both sides in this case. It is true that the mother did not appear personally in the registry, but the certificate makes it appear that the person who came there was delegated to record the birth of the child. We have recently decided in the case of *Ex parte Otero et al.*, 27 P.R.R. 315, that the parish registry is *prima facie* evidence of the acknowledgment by the mother, and a similar rule would seem to apply to the civil registry. This would be reason enough by itself to show that Angélica Alvarado acknowledged her child. There was no showing at the trial that this record was made without the consent of the mother."

In *Pérez* v. *Registrar*, 29 P.R.R. 625, 627, we find the following:

"...It appears by documentary evidence from the birth certificates of the minors that they were acknowledged by Juana López on the respective dates of their registration as her natural children, and although it is true that she did not appear in the registry in order to make these declarations and that another person made them in her name, this does not prevent such declarations from being

*prima facie* evidence that the children are her natural children, as was held in the case of *Pabón* v. *Alvarado et al.*, 28 P.R.R. 538; therefore, she had the *patria potestas* over the minors whom she represented in the deed of division and it was not necessary to have the authorization of court...."

In *Góñez v. Palmieri*, 50 P.R.R. 439, it was held:

"In an action brought by a mother in representation of her minor daughter, the real party in interest is the daughter and not the mother, who only appears to represent her. Under the circumstances, the complaint is not demurrable on the ground that the mother has no cause of action."

Therefore, as the certificate of birth of the child and the declaration of the mother were *prima facie* evidence that Josefa Quiñones Medina was the mother of said child and had the *patria potestas* over it, the appellant should have presented proof to overcome such evidence and, therefore, there is no error in the holding of the district court.

■ The second and third errors involve a question of law and impute error to the district court in admitting in evidence a copy of the certificate of birth of the minor José Antonio Quiñones.

During the trial the attorney for the plaintiff offered in evidence the certificate of birth of José Antonio Quiñones. Alleging that said certificate had been misplaced, he requested and received an allowance of time to look for said certificate. When the court reconvened, said attorney alleged that said certificate had been lost and requested further time to obtain a copy of said certificate of birth of the minor from the Department of Health. This request was granted by the court reserving to the defendant the right to make any objections that he might have to the admission of said certificate in evidence.

The appellant alleges that the court abused its discretion in forcing the defendant to give his evidence before the complainant had finished presenting his. Appellant also alleges error in the district court in admitting the certificate of birth

in evidence inasmuch as it is not signed by the Commissioner of Health but by another person in his name. The appellant also alleges that there was no proof as to whether or not said person was authorized by the Commissioner of Health to issue certificates of birth.

Paragraph 8 of section 7 of the Code of Civil Procedure of 1933 reads as follows:

"Every court has power:

"*        *        *        *        *        *        *        *

"8. To amend and control its process and orders so as to make them conformable to law and justice."

In so far as the time granted to present said certificate of birth, there is no apparent error in the district court, but even if there were, we do not see how it could have prejudiced defendant. The certificate was merely corroborative evidence, since other and sufficient evidence had been presented to prove the birth of the child and the fact that Josefa Quiñones Medina was his mother.

In *Montalvo* v. *Montalvo*, 25 P.R.R. 800, this court held that it was not prejudicial error in an action for the acknowledgment of a natural child to admit a certificate of very little or no probative force in order to show the date of the plaintiff's birth when there is other evidence more than sufficient to establish that fact.

As to appellant's contention that the certificate was not signed by the Commissioner of Health but by another person in his stead, section 38 of Act No. 24 of 1931 (Session Laws, p. 228), reads as follows:

"On petition of any interested person, the Commissioner of Health, *or a person by him authorized*, shall furnish a certified copy of any birth, marriage or death certificate which has been recorded or registered in the general registry in accordance with the provisions of this Act... A copy of the record of any birth, marriage or death, after being certified by the Commissioner of Health *or by any person by him authorized*, shall constitute *prima facie* evidence before all courts of justice of the facts set forth therein...," (Italics ours.)

In this regard the general rule, as set forth by Ruling Case Law, is as follows (22 R.C.L. 472, section 143):

"There is a presumption of law that every public officer does his duty and that he performs faithfully those matters with which he is charged, and furthermore until the contrary is shown, that persons acting in a public office have been duly appointed and are acting with authority."

See *Keely* v. *Sanders*, 99 U.S. 441, 25 L. ed. 327; *Com.* v. *Kane*, 11 Am. Rep. 373.

Appellant's fourth error imputes error in the district court in weighing the evidence and in holding that the minor José Antonio Quiñones had a right to be acknowledged a natural child of the defendant. In this regard there was sufficient evidence presented by the complainant to sustain the averments of the complaint and there is no merit whatsoever in defendant's contention.

The foregoing considerations call for the affirmance of the judgment.

Mr. Chief Justice Del Toro and Mr. Justice De Jesús took no part in the decision of this case.